IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR ~~BROWARD~~ LEE COUNTY, FLORIDA

VONCILE RADCLIFFE,

    Plaintiff,

v.

FT. MEYERS POLICE DEPARTMENT,

    Defendant.

_____/

CASE NO.:

08 – CA – 009487
Judge: Gerald, Lynn, Jr.

2:08-cv-663-FtM-29DNF

## COMPLAINT

Plaintiff Voncile Radcliffe hereby sues Defendants Ft. Meyers Police Department and alleges as follows:

### INTRODUCTION

1. This is an action for negligence.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this dispute because this complaint seeks damages in excess of $15,000.00 dollars, exclusive of interest and attorneys' fees.

3. Defendants are amenable to jurisdiction as they conduct business in South Florida.

4. Venue is proper in Lee County, Florida, because the incident from which this cause of action arises occurred in Lee County, Florida.

### PARTIES

5. Plaintiff Voncile Radcliffe was, at all times material hereto, a resident of Lee County, Florida, was over the age of eighteen (18) years, and is otherwise *sui juris*.

6. Defendant Ft. Meyers Police Department was and is a sovereign immunity practicing in Lee County, Florida.

## GENERAL ALLEGATIONS

7. On April 11, 2004, Plaintiff Radcliffe was driving the church van on Evans and Edison in Lee County, Florida.

8. Plaintiff Radcliffe was transporting handicapped children.

9. A parade was about to start when she informed a Ft. Meyers police officer she was just transporting children and not stopping for the parade.

10. The officer moved the barricade for her to pass but then a truck moved in behind Plaintiff Radcliffe.

11. The officer told her to move the van but she was trapped.

12. The officer then stated she was going to arrest Plaintiff Radcliffe.

13. Plaintiff Radcliffe showed her a medical note stating she had a heart condition.

14. The officer said she did not care and stated Plaintiff Radcliffe was going to jail.

15. The police officer pulled Plaintiff Radcliffe out of the van and jerked Plaintiff Radcliffe's arm, causing Plaintiff Radcliffe to lose her balance and fall on the pavement.

16. Due to her injuries sustained in the fall, Ms. Radcliffe was rushed to the hospital where she underwent medical treatment and diagnostic tests.

17. As a direct result of her fall Ms. Radcliffe suffered several injuries including, but not limited to: shoulder, knee and back injuries.

18. As a result of her injuries, Ms. Radcliffe underwent months of medical care, therapy, and treatment.

19. Her injuries are permanent and continuing in nature.

## COUNT I- NEGLIGENCE ON BEHALF OF VONCILE RADCLIFFE
### (As to Ft. Meyers Police Department)

20. Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through nineteen (19) as if set forth herein in full.

21. At all times material hereto, Defendant Ft. Meyers Police Department ("police dept.") and its agent(s) and/or employees owed a duty to the public, and specifically Plaintiff Radcliffe, to exercise its public duties in a reasonably safe manner..

22. Defendant Police dept. breached this duty and was negligent when its:

   a. Police officer failed to use ordinary care in caring out his/her job duties;

   b. Police officer used unlawful force against Plaintiff Radcliffe; and

   c. Police officer caused Plaintiff Radcliffe's fall.

23. The Defendant Police Dept., its employee(s) and/or agent(s) negligence was a direct and/or proximate cause of the Plaintiff's injuries.

24. As a direct, foreseeable, and proximate result of the Defendant Police Dept.'s, its employee(s) and/or agent(s) negligence, Plaintiff Radcliffe was injured in and about her neck, back, shoulders and legs; experienced pain and suffering there from; suffered physical handicap, disability, disfigurement, mental anguish, loss of past wages, loss of wages and earning capacity in the future, aggravation of pre-existing injuries and conditions, inconvenience, and loss of capacity for the enjoyment of life. All of these injuries are permanent and continuing in nature.

25. As a further direct and proximate result of the Defendant Police Dept.'s, its employee(s) and/or agent(s) negligence, Plaintiff Radcliffe has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries, and will continue to incur additional expenses in the future.

**WHEREFORE**, Plaintiff Voncile Radcliffe demands judgment for damages against the Defendant Ft. Meyers Police Department in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest and the costs of bringing this action as allowed by law, and any other relief this Honorable Court deems just and proper.

## COUNT II- ASSAULT

26. Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through nineteen (19) as if set forth herein in full.

27. At all times material hereto, Officer A made an intentional, unlawful offer of corporal injury to Plaintiff Radcliffe by force, or force unlawfully directed toward Plaintiff's person when the Defendant's employee(s) and/or agent(s):

    a. Hit Plaintiff Radcliffe on the back of the head, back and/or arms;

    b. Pushed and/or threw Plaintiff Radcliffe to the ground; and/or

    c. Touched Plaintiff Radcliffe's body.

28. Officer A 's actions created a fear of imminent peril; and

29. Officer A's had the apparent present ability to effectuate the attempted action.

30. Officer A's aforementioned actions were the direct and/or proximate cause of the Plaintiff's injuries.

31. As a direct, foreseeable, and proximate result of Officer A's actions, Plaintiff Radcliffe was injured in and about her neck and back; experienced pain and suffering there from; suffered physical handicap, disability, disfigurement, mental anguish, loss of past wages, loss of wages and earning capacity in the future, aggravation of pre-existing injuries and conditions, inconvenience, and loss of capacity for the enjoyment of life. All of these injuries are permanent and continuing in nature.

32. As a further direct and proximate result of Officer A's actions, Plaintiff Radcliffe has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries, and will continue to incur additional expenses in the future.

**WHEREFORE**, Plaintiff Voncille Radcliffe demands judgment for damages against the Defendant Ft. Meyers Police Department for the actions of Officer A in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest and the costs of bringing this action as allowed by law, and any other relief this Honorable Court deems just and proper.

### COUNT III- BATTERY

33. Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through nineteen (19) as if set forth herein in full.

34. Officer A committed acts intending to cause harmful or offensive contact with Plaintiff Radcliffe or causing Plaintiff Radcliffe to be in imminent apprehension of such a contact; and

35. Officer A made an offensive contact with Plaintiff Radcliffe when Defendant, its employee(s) and/or agent(s):

   a. Hit Plaintiff Radcliffe on the back of the head, back and/or arms;

   b. Pushed and/or threw Plaintiff Radcliffe to the ground; and/or

   c. Touched Plaintiff Radcliffe's body.

36. Officer A's aforementioned actions were the direct and/or proximate cause of the Plaintiff's injuries.

37. As a direct, foreseeable, and proximate result of Officer A's actions, Plaintiff Radcliffe was injured in and about her neck and back; experienced pain and suffering there from; suffered physical handicap, disability, disfigurement, mental anguish, loss of past wages, loss of

wages and earning capacity in the future, aggravation of pre-existing injuries and conditions, inconvenience, and loss of capacity for the enjoyment of life. All of these injuries are permanent and continuing in nature.

38.  As a further direct and proximate result of Officer A's actions, Plaintiff Radcliffe has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries, and will continue to incur additional expenses in the future.

**WHEREFORE**, Plaintiff Voncille Radcliffe demands judgment for damages against the Defendant Ft. Meyers Police Department for the actions of Officer A in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest and the costs of bringing this action as allowed by law, and any other relief this Honorable Court deems just and proper.

**COUNT IV- §1983 CIVIL RIGHT'S VIOLATION FOR UNLAWFUL USE OF FORCE**

39.  Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through nineteen (19) as if set forth herein in full.

40.  Officer A did not act in good faith effort to maintain or restore discipline at the scene.

41.  Plaintiff Radcliff was merely asking permission to take her vanload of disabled children through the street before the parade began.

42.  Officer A acted in bad faith, maliciously and sadistically to cause harm by:

   a. Hitting Plaintiff Radcliffe on the back of the head, back and/or arms;

   b. Pushing and/or throwing Plaintiff Radcliffe to the ground; and/or

   c. Violently touching Plaintiff Radcliffe's body.

43.  Officer A's actions were in bad faith and were not necessary to maintain and/or restore discipline as:

    a. Plaintiff Radcliff is a woman with a documented health condition, which was relayed to the officer.

    b. Plaintiff Radcliff was transported children for good Samaritan purposes.

    c. Plaintiff did not act and/or respond with any verbal or physically violent actions.

44. Officer A did not maintain a need for the application of force as Plaintiff Radcliffe was attempting to be compliant.

45. There was a weak relationship between that need and the amount of force to be used as the situation concerned preparing for a parade route and redirecting traffic. Plaintiff Radcliffe did not possess any weapons or pose a threat as she is a woman with recorded health problems who was caring for multiple disabled children.

46. Officer A failed to use any alternate efforts to temper the severity of a forceful response

47. No inferences can be drawn as to plausibility of the force used by Officer A against Plaintiff Radcliffe.

48. Officer A committed acts intending to cause harmful or offensive contact with Plaintiff Radcliffe or causing Plaintiff Radcliffe to be in imminent apprehension of such a contact; and

49. Officer A's aforementioned actions were the direct and/or proximate cause of the Plaintiff's injuries.

50. As a direct, foreseeable, and proximate result of Officer A's actions, Plaintiff Radcliffe was injured in and about her neck and back; experienced pain and suffering there from; suffered physical handicap, disability, disfigurement, mental anguish, loss of past wages, loss of wages and earning capacity in the future, aggravation of pre-existing injuries and conditions,

inconvenience, and loss of capacity for the enjoyment of life. All of these injuries are permanent and continuing in nature.

51.  As a further direct and proximate result of Officer A's actions, Plaintiff Radcliffe has incurred medical expenses for her care and treatment in an effort to alleviate and cure her injuries, and will continue to incur additional expenses in the future.

**WHEREFORE**, Plaintiff Voncille Radcliffe demands judgment for damages against the Defendant Ft. Meyers Police Department for the actions of Officer A in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest and the costs of bringing this action as allowed by law, and any other relief this Honorable Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

DATED THIS 10 day of April, 2008.

> FRIEDLAND & ASSOCIATES, P.A.
> Attorneys for Plaintiff
> 109 SE 9th Street
> Fort Lauderdale, FL 33316
> (954) 321-8810
> (954) 321-8895 (fax)
>
> By: _____
> PEGGY URBANEJA, ESQUIRE
> FLA. BAR NO.: 0678805
> LEE FRIEDLAND, ESQUIRE
> FLA. BAR NO.: 991163