UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VONCILE RADCLIFFE,

      Plaintiff,

vs.          Case No. 2:08-cv-663-FtM-29DNF

FORT MYERS POLICE DEPARTMENT,

      Defendant.
_____

**OPINION AND ORDER**

   This matter comes before the Court on defendant Fort Myers Police Department's Motion to Dismiss (Doc. #4) filed on September 5, 2008. Plaintiff Voncile Radcliffe has not filed a response to the motion, and the time to do so has expired.

**I.**

   In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citations

omitted). Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## II.

On August 28, 2008, plaintiff Voncile Radcliffe filed a four-count Complaint[1] (Doc. #2) against defendant Fort Myers Police Department, alleging the following causes of action: Negligence (Count I); Assault (Count II); Battery (Count III); and Civil Rights Violation under 42 U.S.C. § 1983 (Count IV). The Complaint alleges that on April 11, 2004, plaintiff Radcliffe was driving a church van and transporting handicapped children near the intersection of Evans Avenue and Edison Avenue in Lee County, Florida. (Doc. #2, ¶¶ 7-8.) A parade was about to begin in the area, so Radcliffe informed a female officer (referred to as "Officer A" in the Complaint) that she was transporting children and did not intend to stop at the parade. (Id. at ¶ 9.) Officer A moved the barricade to allow Radcliffe to pass, but before Radcliffe could do so, a truck moved in behind her, blocking her in. (Id. at ¶ 10.) Officer A told Radcliffe to move the van and stated that she was going to arrest plaintiff, at which point

---

[1]The Complaint was originally filed on April 10, 2008 in the Circuit Court of the Seventeenth Judicial Circuit in and for Lee County, Florida (Case No. 08-CA-009487) and removed to this Court by defendant on August 28, 2008 (See Doc. #1).

Radcliffe showed the officer a medical note indicating that Radcliffe had a heart condition. (Id. at ¶¶ 12-13.) Officer A told Radcliffe that she did not care and that Radcliffe would go to jail, pulled Radcliffe out of the van, jerked her arm, caused her to lose her balance, and caused her to fall on the pavement. (Id. at ¶¶ 14-15.) Plaintiff further states that Officer A hit Radcliffe on the back of the head, back, and/or arms, pushed and/or threw Radcliffe to the ground, and/or violently touched Radcliffe's body. (See id. at ¶¶ 35, 42.) Radcliffe was rushed to the hospital for medical treatment and diagnostic tests, suffered permanent and continuing shoulder, knee and back injuries, and underwent months of medical care, therapy and treatment. (Id. at ¶¶ 16-19.) Radcliffe also experienced pain and suffering, suffered physical handicap, disability, disfigurement, mental anguish, loss of past and future wages and earning capacity, aggravation of pre-existing injuries and conditions, inconvenience, and loss of capacity for the enjoyment of life. (See id. at ¶¶ 37, 50.) Additional facts are set forth below as needed.

## III.

Defendant Fort Myers Police Department filed a motion to dismiss (Doc. #4) requesting that it be dismissed from the suit for failure to state a claim upon which relief may be granted. Defendant asserts that no cause of action may be maintained against it because "The Fort Myers Police Department is not a legal entity capable of being sued." (Doc. #4, p. 1.)

"[P]olice departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Williams v. Miami-Dade Police Dep't, No. 08-10800, 2008 WL 4726101, at *3 (11th Cir. Oct. 29, 2008) (quoting Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (internal citations and quotations omitted)). Florida courts have consistently found that City Police Departments are not legal entities amenable to suit. See, e.g., Williams, 2008 WL 4726101, at *3 (citing Masson v. Miami-Dade County, 738 So. 2d 431, 432 (Fla. 3d DCA 1999)); Florida City Police Dep't v. Corcoran, 661 So. 2d 409, 410 (Fla. 3d DCA 1995). Thus, as defendant Fort Myers Police Department does not have the capacity to be sued under Florida law, its motion to dismiss shall be granted and it will be dismissed from the case.

Pursuant to FED. R. CIV. P. 15(a)(2), a party may amend its pleading with leave from the Court, such leave to be freely given when justice so requires. Upon a liberal reading of the Complaint as required on a motion to dismiss, see, e.g., Summer v. Land & Leisure, Inc., 664 F.2d 965, 969 n.1 (5th Cir. Unit B 1981),[2] the Court finds that it may be possible for plaintiff to amend her Complaint to name a proper defendant or defendants, and to properly state a claim or claims upon which relief may be granted. Thus,

---

[2] In Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all of the post-September 30, 1981 decisions of Unit B of the former Fifth Circuit.

the Court will grant defendant's motion to dismiss but give plaintiff the opportunity to amend her Complaint.

Accordingly, it is now

**ORDERED:**

1. Defendant Fort Myers Police Department's Motion to Dismiss (Doc. #4) is **GRANTED**.  Defendant Fort Myers Police Department shall be **dismissed** from the case.

2. Plaintiff may file an Amended Complaint within **TWENTY (20) DAYS** of this Opinion and Order.  If no Amended Complaint is filed within that time, the Clerk shall close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___22nd___ day of January, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record