```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

VONCILE RADCLIFFE,

                Plaintiff,

vs.                                    Case No. 2:08-cv-663-FtM-29DNF

CITY OF FORT MYERS,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Doc. #15) filed on March 6, 2009.  Plaintiff has not filed a response to the motion and the time to do so has expired.  For the reasons stated below, the Court finds that the motion should be granted.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)

(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

Plaintiff Voncile Radcliffe (plaintiff or "Radcliffe") filed a four-count Amended Complaint (Doc. #12) alleging the following against defendant City of Fort Myers (defendant or the "City"): Negligence (Count I); Assault (Count II); Battery (Count III); and § 1983 Civil Rights Violation for Unlawful Use of Force (Count IV). The Amended Complaint alleges that on April 11, 2004, Radcliffe was driving a church van and transporting handicapped children near the intersection of Evans Avenue and Edison Avenue in Lee County, Florida. A parade was about to begin in the area, so Radcliffe

informed a female officer (referred to as "Officer A" in the Amended Complaint) that she was transporting children and did not intend to stop for the parade. Officer A moved the barricade to allow Radcliffe to pass, but before Radcliffe could do so, a truck moved in behind her, blocking her in. Officer A told Radcliffe to move the van and stated that she was going to arrest plaintiff, at which point Radcliffe showed the officer a medical note indicating that Radcliffe had a heart condition. Officer A told Radcliffe that she did not care and that Radcliffe would go to jail, pulled Radcliffe out of the van, jerked Radcliffe's arm, caused Radcliffe to lose her balance, and caused Radcliffe to fall on the pavement. Plaintiff further states that Officer A hit Radcliffe on the back of the head, back, and/or arms, pushed and/or threw Radcliffe to the ground, and/or violently touched Radcliffe's body. Radcliffe was rushed to the hospital for medical treatment and diagnostic tests, suffered permanent and continuing shoulder, knee and back injuries, and underwent months of medical care, therapy and treatment. Radcliffe also experienced pain and suffering, suffered physical handicap, disability, disfigurement, mental anguish, loss of past and future wages and earning capacity, aggravation of pre-existing injuries and conditions, inconvenience, and loss of capacity for the enjoyment of life. Additional facts are set forth below as needed.

**III.**

Defendant City of Fort Myers filed a motion to dismiss (Doc. #15) seeking dismissal of the Amended Complaint for failure to state a claim upon which relief may be granted as to all counts.

**A. Section 1983 Civil Rights Violation for Unlawful Use of Force (Count IV)**

In Count IV, plaintiff alleges a claim under 42 U.S.C. § 1983, for unlawful use of force.  Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  To establish a claim under § 1983, plaintiff must prove that (1) defendant deprived her of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law.  Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263,1277 (11th Cir. 2003); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).  Plaintiff also must prove an affirmative causal connection between defendant's conduct and the constitutional deprivation.  Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001) (en banc); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995).

Under § 1983, a local government may not be held liable under a theory of *respondeat superior*; rather, it may only be held liable for the execution of an official government policy or custom.  Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003)

(citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)). Municipalities may be held liable under § 1983, but the municipality itself must have caused the constitutional violation at issue, and it cannot be liable on a vicarious liability theory. Skop v. City of Atlanta, 485 F.3d 1130, 1145 (11th Cir. 2007) (citing Monell, 436 U.S. at 694-95); City of Canton v. Harris, 489 U.S. 378 (1989)). Only government officers or groups who have final policymaking authority may subject the government entity to a § 1983 claim. Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1312 (11th Cir. 2006). Therefore, to establish municipal liability plaintiff must show that: (1) her constitutional right was violated; (2) the municipality had a custom or policy that constituted deliberate indifference to her constitutional right, and (3) the policy or custom caused the violation of her constitutional right. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Plaintiff can establish the requisite "official policy" in one of two ways: (1) identifying an officially promulgated policy, or (2) identifying an unofficial custom or practice, usually shown through the repeated acts of the final policymaker of the entity. Grech v. Clayton County, 335 F.3d 1326, 1320-30 (11th Cir. 2003). The policy or custom must be the moving force of the constitutional violation. Grech, 335 F.3d at 1330. See also Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).

Upon review, the Court finds that plaintiff has clearly failed to allege a cause of action sufficient to sustain her claim under

§ 1983. As defendant indicates in their motion, the Amended Complaint is devoid of any specific allegation that the City of Fort Myers was directly involved in the incident described by plaintiff, was actually responsible for the damages purportedly suffered by plaintiff at the hands of Officer A, or had a custom or policy that was the moving force behind the alleged constitutional violation. Thus, the Court finds that Count IV should be dismissed.

**B. State Law Claims of Negligence, Assault, and Battery (Counts I, II, and III)**

In Counts I, II, and III, plaintiff alleges negligence, assault, and battery, which constitute claims under state law. The Court has dismissed Count IV of the Amended Complaint, the only claim premised on federal jurisdiction. In the exercise of its discretion, the Court declines to exercise supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367(c)(3).

No other basis for federal jurisdiction is set forth and the Amended Complaint fails to adequately allege the existence of diversity jurisdiction. The Amended Complaint fails to allege that the parties are diverse[1] or that the amount in controversy exceeds the jurisdictional amount of $75,000,[2] both of which are required

---

[1] The Amended Complaint indicates that plaintiff is a resident of Lee County, Florida, and that the City of Fort Myers is a "sovereign immunity practicing in Lee County, Florida." (Doc. #12, ¶¶ 5, 6.)

[2] The Amended Complaint states that plaintiff "seeks damages in (continued...)

for the Court to exercise diversity jurisdiction over these claims. Accordingly, the Court finds that Counts I, II, and III of the Amended Complaint should be dismissed for lack of jurisdiction.

Thus, the Court finds that defendant's motion should be granted and the Amended Complaint should be dismissed in its entirety.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Doc. #15) is **GRANTED**. The Amended Complaint (Doc. #12) is **DISMISSED without prejudice**. The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions and deadlines, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___2nd___ day of November, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[2](...continued)
excess of $15,000.00 dollars, exclusive of interest and attorneys' fees."  (Id. at ¶2.)